**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

**THE PACID GROUP, LLC**

Plaintiff,

v.

1. **BEST BUY CO., INC.**
2. **BEST BUY PURCHASING LLC**
3. **BBC PROPERTY CO.**
4. **BEST BUY STORES, L.P.**
5. **ALLIED TELESIS HOLDINGS K.K.**
6. **ALLIED TELESIS, INC.**
7. **RICOH COMPANY, LTD.**
8. **RICOH AMERICAS CORPORATION**
9. **RICOH ELECTRONICS, INC.**
10. **YAMAHA CORPORATION**
11. **YAMAHA CORPORATION OF AMERICA**
12. **YAMAHA ELECTRONICS
       CORPORATION, USA**
13. **EASTMAN KODAK COMPANY**
14. **KODAK AMERICAS, LTD.**
15. **LEXMARK INTERNATIONAL, INC.**
16. **MEDIATEK INC.**
17. **MEDIATEK USA INC.**
18. **HARMAN INTERNATIONAL INDUSTRIES,
       INCORPORATED**
19. **HARMAN CONSUMER, INC.**
20. **SIRIUS XM RADIO INC.**
21. **XM SATELLITE RADIO HOLDINGS INC.**
22. **SATELLITE CD RADIO, INC.**
23. **ABOCOM SYSTEMS, INC.**
24. **LOGITECH INTERNATIONAL S.A.**
25. **LOGITECH INC.**
26. **BROCADE COMMUNICATIONS
       SYSTEMS, INC.**
27. **FOUNDRY NETWORKS, LLC**
28. **INRANGE TECHNOLOGIES
       CORPORATION**
29. **ARRIS GROUP, INC.**
30. **MICROCHIP TECHNOLOGY
       INCORPORATED**
31. **INGENICO CORP.**

**Civil Action No.**

**JURY TRIAL DEMANDED**

32. INGENICO INC.
33. DRAYTEK CORPORATION
34. INTERMEC, INC.
35. INTERMEC TECHNOLOGIES
       CORPORATION
36. INTERMEC INTERNATIONAL INC.
37. TOKO, INC.
38. TOKO AMERICA, INC.
39. NOVATEL WIRELESS, INC.
40. NOVATEL WIRELESS SOLUTIONS
41. ICOM INCORPORATED
42. ICOM AMERICA, INCORPORATED
43. VIA TECHNOLOGIES, INC.
44. DSP GROUP, INC.
45. WESTELL TECHNOLOGIES, INC.
46. WESTELL, INC.
47. HUAWEI TECHNOLOGIES CO., LTD.
48. FUTUREWEI TECHNOLOGIES, INC.
49. PLANEX COMMUNICATIONS INC.
50. PLANEX COMMUNICATIONS USA INC.
51. MELCO HOLDINGS, INC.
52. BUFFALO, INC.
53. BUFFALO TECHNOLOGY (USA), INC.
54. UNITED TECHNOLOGIES
       CORPORATION
55. UTC FIRE & SECURITY AMERICAS
       CORPORATION, INC.
56. UTC FIRE & SECURITY CORPORATION
57. WIPRO TECHNOLOGIES
58. WIPRO INC.
59. FORTRESS TECHNOLOGIES, INC.
60. GCT SEMICONDUCTOR, INC.
61. EF JOHNSON TECHNOLOGIES, INC.
62. 3ETECHNOLOGIES INTERNATIONAL,
       INC.
63. BELAIR NETWORKS
64. BELAIR NETWORKS, CORP.
65. DASAN NETWORKS, INC.
66. VTECH HOLDINGS
67. VTECH TELECOMMUNICATIONS LTD.
68. VTECH TELECOM, L.L.C.
69. VTECH COMMUNICATIONS, INC.
70. PSION PLC
71. PSION TEKLOGIX
72. REDPINE SIGNALS, INC.
73. CSR PLC

**74. SMC NETWORKS, INC.**
**75. ZTE CORPORATION**
**76. ZTE (USA) INC.**
**77. TP-LINK TECHNOLOGIES CO., LTD.**
**78. TP-LINK USA CORPORATION**
**79. ACTIONTEC ELECTRONICS, INC.**
**80. D&M HOLDINGS, INC.**
**81. DENON ELECTRONICS (USA), LLC**
**82. SERCOMM CORPORATION**
**83. BLUESOCKET INC.**
**84. HONEYWELL INTERNATIONAL INC.**
**85. HAND HELD PRODUCTS, INC.**
**86. ARCHOS SA**
**87. ARCHOS, INC.**

Defendants.

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, The PACid Group, LLC, complains against the Defendants Best Buy Co., Inc.; Best Buy Purchasing LLC; BBC Property Co.; Best Buy Stores, L.P.; Allied Telesis Holdings K.K.; Allied Telesis, Inc.; Ricoh Company, Ltd.; Ricoh Americas Corporation; Ricoh Electronics, Inc.; Yamaha Corporation; Yamaha Corporation of America; Yamaha Electronics Corporation, USA; Eastman Kodak Company; Kodak Americas, Ltd.; Lexmark International, Inc.; MediaTek Inc.; MediaTek USA Inc.; Harman International Industries, Incorporated; Harman Consumer, Inc.; Sirius XM Radio Inc.; XM Satellite Radio Holdings Inc.; Satellite CD Radio, Inc.; AboCom Systems, Inc.; Logitech International S.A.; Logitech Inc.; Brocade Communications Systems, Inc.; Foundry Networks, LLC; Inrange Technologies Corporation; Arris Group, Inc.; Microchip Technology Incorporated; Ingenico Corp.; Ingenico Inc.; DrayTek Corporation; Intermec, Inc.; Intermec Technologies Corporation; Intermec International Inc.; TOKO, Inc.; TOKO America, Inc.; Novatel Wireless, Inc.; Novatel Wireless Solutions; ICOM Incorporated; ICOM America, Incorporated; VIA

Technologies, Inc.; DSP Group, Inc.; Westell Technologies, Inc.; Westell, Inc.; Huawei Technologies Co., Ltd.; Futurewei Technologies, Inc.; Planex Communications Inc.; Planex Communications USA Inc.; Melco Holdings, Inc.; Buffalo, Inc.; Buffalo Technology (USA), Inc.; United Technologies Corporation; UTC Fire & Security Americas Corporation, Inc.; UTC Fire & Security Corporation; Wipro Technologies; Wipro Inc.; Fortress Technologies, Inc.; GCT Semiconductor, Inc.; EF Johnson Technologies, Inc.; 3eTechnologies International, Inc.; BelAir Networks; Belair Networks, Corp.; Dasan Networks, Inc.; Vtech Holdings; Vtech Telecommunications Ltd.; Vtech Telecom, L.L.C.; Vtech Communications, Inc.; Psion PLC; Psion Teklogix; Redpine Signals, Inc.; CSR plc; SMC Networks, Inc.; ZTE Corporation; ZTE (USA) Inc.; TP-Link Technologies Co., Ltd.; TP-Link USA Corporation; Actiontec Electronics, Inc.; D&M Holdings, Inc.; Denon Electronics (USA), LLC; SerComm Corporation; Bluesocket Inc.; Honeywell International Inc.; Hand Held Products, Inc.; Archos SA; and Archos, Inc. (collectively the "Defendants"), as follows:

## PARTIES

1.      The PACid Group, LLC ("PACid") is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 174, Tyler, Texas 75702-7965.

2.      On information and belief, Defendant Best Buy Co., Inc. is a Minnesota Corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.  Best Buy Co., Inc. has appointed C T Corporation System Inc, 100 S 5TH ST STE 1075, MINNEAPOLIS, MN 55402-1265 as its agent for service of process.

3.      On information and belief, Defendant Best Buy Purchasing LLC is a Minnesota Corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN

55423.  Best Buy Purchasing LLC has appointed C T Corporation System Inc, 100 S 5TH ST STE 1075, MINNEAPOLIS, MN 55402-1265 as its agent for service of process.

4.       On information and belief, Defendant BBC Property Co. is a Minnesota Corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.  BBC Property Co. has appointed C T Corporation System Inc, 100 S 5TH ST STE 1075, MINNEAPOLIS, MN 55402-1265 as its agent for service of process.

5.       On information and belief, Defendant Best Buy Stores, L.P. is a Virginia Corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423.  Best Buy Stores, L.P. has appointed C T Corporation System Inc, 4701 Cox Rd Ste 301, Glen Allen, VA 43060-6802 as its agent for service of process.

6.       On information and belief, Defendant Allied Telesis Holdings K.K. is a Japan corporation with its principal place of business at 7-21-11, Nishi-gotanda Shinagawa-ku, TKY 141-0031, Japan.   Allied Telesis Holdings K.K. may be served at 7-21-11, Nishi-gotanda Shinagawa-ku, TKY 141-0031, Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

7.       On information and belief, Defendant Allied Telesis, Inc. is a Delaware Corporation with its principal place of business at 19800 NORTH CREEK PKWY STE 100, BOTHELL, WA 98011.   Allied Telesis, Inc. has appointed THE PRENTICE-HALL CORPORATION SYSTEM, INC., 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE, 19808 as its agent for service of process.

8.       On information and belief, Defendant Ricoh Company, Ltd. is a Japan corporation with its principal place of business at 13-1, Ginza 8-Chome Chuo-Ku, Tokyo, TKY 104-8222 Japan.  Ricoh Company, Ltd. may be served at 13-1, Ginza 8-Chome Chuo-Ku, Tokyo, TKY

104-8222 Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

9. On information and belief, Defendant Ricoh Americas Corporation is a Delaware Corporation with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey 07006. Ricoh Americas Corporation has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

10. On information and belief, Defendant Ricoh Electronics, Inc. is a California Corporation with its principal place of business at One Ricoh Square, 1100 Valencia Avenue, Tustin, CA 92780, USA. Ricoh Electronics, Inc. has appointed C T CORPORATION SYSTEM, 818 WEST SEVENTH STREET, LOS ANGELES, CA 90017 as its agent for service of process.

11. On information and belief, Defendant Yamaha Corporation is a Japan corporation with its principal place of business at 10-1 Nakazawa-cho Naka-ku, Hamamatsu-shi, SZK 430-8650 Japan. Yamaha Corporation may be served at 10-1 Nakazawa-cho Naka-ku, Hamamatsu-shi, SZK 430-8650 Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

12. On information and belief, Defendant Yamaha Corporation of America is a California Corporation with its principal place of business at 6000 ORANGETHROPE AVE, BUENA PARK, CA 90620. Yamaha Corporation of America has appointed CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCORPORATING SERVICE, 2730 GATEWAY OAKS DR, STE 100, SACRAMENTO CA 95833 as its agent for service of process.

13.     On information and belief, Defendant Yamaha Electronics Corporation, USA is a California Corporation with its principal place of business at 6000 ORANGETHROPE AVE, BUENA PARK, CA 90620.  Yamaha Corporation of America has appointed CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCORPORATING SERVICE, 2730 GATEWAY OAKS DR, STE 100, SACRAMENTO CA 95833 as its agent for service of process.

14.     On information and belief, Defendant Eastman Kodak Company is a New Jersey Corporation with its principal place of business at 343 State Street, Rochester, NY 14650. Eastman Kodak Company has appointed THE CORPORATION TRUST COMPANY, 820 BEAR TAVERN ROAD, WEST TRENTON, NJ  08628 as its agent for service of process.

15.     On information and belief, Defendant Kodak Americas, Ltd. is a New York Corporation with its principal place of business at 343 State Street, Rochester, NY 14650. Kodak Americas, Ltd. may be served at 343 State Street, Rochester, NY 14650 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16.     On information and belief, Defendant Lexmark International, Inc. is a Delaware Corporation with its principal place of business at One Lexmark Centre Drive 740 West New Circle Road, Lexington, KY 40550.   Lexmark International, Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

17.     On information and belief, Defendant MediaTek Inc. is a Taiwan corporation with its principal place of business at No. 1, Dusing Rd. 1, HsinChu Science Park, Hsin-Chu 300, Taiwan.  MediaTek Inc. may be served at No. 1, Dusing Rd. 1, HsinChu Science Park, Hsin-Chu

300, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

18.     On information and belief, Defendant MediaTek USA Inc. is a Delaware Corporation with its principal place of business at 2860 Junction Ave, San Jose, CA 95134. MediaTek USA Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

19.     On information and belief, Defendant Harman International Industries, Incorporated is a Delaware Corporation with its principal place of business at 400 Atlantic Street, 15th Floor, Stamford, CT 06901.  Harman International Industries, Incorporated has appointed THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

20.     On information and belief, Defendant Harman Consumer, Inc. is a Delaware Corporation with its principal place of business at 8500 BALBOA BLVD, NORTHRIDGE, CALIFORNIA, 91329.  Harman Consumer, Inc. has appointed THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

21.     On information and belief, Defendant Sirius XM Radio Inc. is a Delaware Corporation with its principal place of business at 1221 Avenue of the Americas, 36th Floor, New York, NY 10020.  Sirius XM Radio Inc. has appointed RL&F SERVICE CORP., ONE RODNEY SQUARE 10TH FL. TENTH & KING STS./P.O. BOX 551, WILMINGTON, DE 19801 as its agent for service of process.

22.    On information and belief, Defendant XM Satellite Radio Holdings Inc. is a Delaware Corporation with its principal place of business at 1500 Eckington Place Ne, Washington, DC 20002-2128.   XM Satellite Radio Holdings Inc. has appointed THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

23.    On information and belief, Defendant Satellite CD Radio, Inc. is a Delaware Corporation with its principal place of business at 1500 Eckington Place Ne, Washington, DC 20002-2128.   Satellite CD Radio, Inc. has appointed THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

24.    On information and belief, Defendant AboCom Systems, Inc. is a Taiwan corporation with its principal place of business at 1F., No.21, R&D Rd. ll, Science-Based Industrial Park, Hsinchu, Taiwan.  AboCom Systems, Inc. may be served at 1F., No.21, R&D Rd. ll, Science-Based Industrial Park, Hsinchu, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

25.    On information and belief, Defendant Logitech International S.A. is a Switzerland corporation with its principal place of business at 6505 KAISER DR., FREMONT, CA 94555. Logitech International S.A. may be served at 6505 KAISER DR., FREMONT, CA 94555 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

26.    On information and belief, Defendant Logitech Inc. is a California Corporation with its principal place of business at 6505 KAISER DR., FREMONT, CA 94555.  Logitech Inc.

has appointed CATHERINE VALENTINE, 6505 KAISER DR., FREMONT, CA 94555 as its agent for service of process.

27.     On information and belief, Defendant Brocade Communications Systems, Inc. is a Delaware Corporation with its principal place of business at 1745 Technology Drive, San Jose, CA 95110.   Brocade Communications Systems, Inc. has appointed THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

28.     On information and belief, Defendant Foundry Networks, LLC is a Delaware Corporation with its principal place of business at 1745 Technology Drive, San Jose, CA 95110. Foundry Networks, LLC has appointed NATIONAL REGISTERED AGENTS, INC., 160 GREENTREE DRIVE, SUITE 101, DOVER, DE 19904 as its agent for service of process.

29.     On information and belief, Defendant Inrange Technologies Corporation is a Delaware Corporation with its principal place of business at 6000 NATHAN LANE NORTH, PLYMOUTH, MN 55442.   Inrange Technologies Corporation has appointed NATIONAL REGISTERED AGENTS, INC., 160 GREENTREE DRIVE, SUITE 101, DOVER, DE 19904 as its agent for service of process.

30.     On information and belief, Defendant Arris Group, Inc. is a Delaware Corporation with its principal place of business at 3871 Lakefield Drive, Suwanee, GA 30024.   Arris Group, Inc. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

31.     On information and belief, Defendant Microchip Technology Incorporated is a Delaware Corporation with its principal place of business at 2355 West Chandler Boulevard, Chandler, AZ 85224.   Microchip Technology Incorporated has appointed THE CORPORATION

TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

32.    On information and belief, Defendant Ingenico Corp. is a Georgia Corporation with its principal place of business at 6195 Shiloh Road, Ste D, Alpharetta, GA 30005.  Ingenico Corp. has appointed C T CORPORATION SYSTEM, 1201 PEACHTREE STREET, N.E., ATLANTA, GA 30361 as its agent for service of process.

33.    On information and belief, Defendant Ingenico Inc. is a Georgia Corporation with its principal place of business at 6195 Shiloh Road, Ste D, Alpharetta, GA 30005.  Ingenico Inc. has appointed C T CORPORATION SYSTEM, 1201 PEACHTREE STREET, N.E., ATLANTA, GA 30361 as its agent for service of process.

34.    On information and belief, Defendant DrayTek Corporation is a Taiwan corporation with its principal place of business at No. 26, Fushing Road Hsinchu Industrial Park, Hukou Township, Hsinchu County, Taiwan.  DrayTek Corporation may be served at No. 26, Fushing Road Hsinchu Industrial Park, Hukou Township, Hsinchu County, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

35.    On information and belief, Defendant Intermec, Inc. is a Delaware Corporation with its principal place of business at 6001 36th Avenue West, Everett, WA 98203-1264. Intermec, Inc. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

36.    On information and belief, Defendant Intermec Technologies Corporation is a Washington Corporation with its principal place of business at 36th Avenue West, Everett, WA 98203-1264.   Intermec Technologies Corporation has appointed PRENTICE HALL CORP

SYSTEM, 300 DESCHUTES WAY SW STE 304, TUMWATER, WA 98501 as its agent for service of process.

37.    On information and belief, Defendant Intermec International Inc. is a Washington Corporation with its principal place of business at 36th Avenue West, Everett, WA 98203-1264. Intermec International Inc. has appointed PRENTICE HALL CORP SYSTEM, 300 DESCHUTES WAY SW STE 304, TUMWATER, WA 98501 as its agent for service of process.

38.    On information and belief, Defendant TOKO, Inc. is a Japanese corporation with its principal place of business at 2-1-17 Higashiyukigaya, Ota-ku, TKY 145-8585 Japan.  TOKO, Inc. may be served at 2-1-17 Higashiyukigaya, Ota-ku, TKY 145-8585 Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

39.    On information and belief, Defendant TOKO America, Inc. is an Illinois Corporation with its principal place of business at 1250 FEEHANVILLE DRIVE, MT PROSPECT, IL 60056.  TOKO America, Inc. has appointed JAMES M. COONAN, 203 NORTH LASALLE ST #2500, Chicago, IL 60601 as its agent for service of process.

40.    On information and belief, Defendant Novatel Wireless, Inc. is a Delaware Corporation with its principal place of business at 9645 Scranton Road Suite 205, San Diego, CA 92121.  Novatel Wireless, Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

41.    On information and belief, Defendant Novatel Wireless Solutions is a Delaware Corporation with its principal place of business at 9645 Scranton Road Suite 205, San Diego, CA 92121.  Novatel Wireless, Inc. has appointed THE CORPORATION TRUST COMPANY,

CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

42.     On information and belief, Defendant ICOM Incorporated is a Japan corporation with its principal place of business at 1-1-32 Kamiminami Hirano-ku, Osaka-shi, OSK 547-0003 Japan.  ICOM Incorporated may be served at 1-1-32 Kamiminami Hirano-ku, Osaka-shi, OSK 547-0003 Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

43.     On information and belief, Defendant ICOM America, Incorporated is a Washington Corporation with its principal place of business at 2380 116TH AVE NE, BELLEVUE, WA 98004.     ICOM America, Incorporated has appointed GLORIA RASMUSSEN, 2380 116TH AVE NE, BELLEVUE, WA 98004 as its agent for service of process.

44.     On information and belief, Defendant VIA Technologies, Inc. is a Taiwan corporation with its principal place of business at 8F., No. 535 Chung-Cheng Road Taipei, Hsin Tien, Taiwan.  VIA Technologies, Inc. may be served at 8F., No. 535 Chung-Cheng Road Taipei, Hsin Tien, Taiwan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

45.     On information and belief, Defendant DSP Group, Inc. is a Delaware Corporation with its principal place of business at 2580 North First Street Suite 460, San Jose, CA 95131. DSP Group, Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

46.     On information and belief, Defendant Westell Technologies, Inc. is a Delaware Corporation with its principal place of business at 750 N. Commons Drive, Aurora, IL 60504. Westell Technologies, Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

47.     On information and belief, Defendant Westell, Inc. is an Illinois Corporation with its principal place of business at 750 N. Commons Drive, Aurora, IL 60504.  Westell, Inc. has appointed ILLINOIS LAWDOCK INC, 300 N LASALLE ST SUITE 4000, Chicago, IL 60654 as its agent for service of process.

48.     On information and belief, Defendant Huawei Technologies Co., Ltd. is a China corporation with its principal place of business at Banxuegang Industrial Park, Bantian Longgang District, Shenzhen, 518129 CHN.  Huawei Technologies Co., Ltd. may be served at Banxuegang Industrial Park, Bantian Longgang District, Shenzhen, 518129 CHN via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

49.     On information and belief, Defendant Futurewei Technologies, Inc. is a Texas Corporation with its principal place of business at 1700 Alma Drive # 100, Plano, TX 75075-6997.  Futurewei Technologies, Inc. has appointed HAIBO LIN, 1700 ALMA DRIVE, SUITE 100, PLANO, TX 75075 as its agent for service of process.

50.     On information and belief, Defendant Planex Communications Inc. is a Japan corporation with its principal place of business at 3-16-3 Higashi, Shibuya-ku, TKY 150-0011 Japan.  Planex Communications Inc. may be served at 3-16-3 Higashi, Shibuya-ku, TKY 150-

0011 Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

51.     On information and belief, Defendant PLANEX COMMUNICATIONS USA INC. is a California Corporation with its principal place of business at 46-E PENINSULA CENTER #399, ROLLING HILLS ESTATES, CA 90274.  PLANEX COMMUNICATIONS USA INC. has appointed MASAHIRO TAKAHASHI, 46-E PENINSULA CENTER #399, ROLLING HILLS ESTATES, CA 90274 as its agent for service of process.

52.     On information and belief, Defendant Melco Holdings, Inc. is a Japan corporation with its principal place of business at 50-11-4 Ozu Naka-ku, Nagoya-shi, ACH 460-0011 Japan. Melco Holdings, Inc. may be served at 50-11-4 Ozu Naka-ku, Nagoya-shi, ACH 460-0011 Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

53.     On information and belief, Defendant Buffalo, Inc. is a Japan corporation with its principal place of business at 4-15, Shibata Hondori, Minami-ku, Nagoya, Aichi Prefecture, Japan.  Buffalo, Inc. may be served at 4-15, Shibata Hondori, Minami-ku, Nagoya, Aichi Prefecture, Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

54.     On information and belief, Defendant Buffalo Technology (USA), Inc. is a Delaware Corporation with its principal place of business at 11100 Metric Blvd., Ste. 750, Austin, TX 78758. Buffalo Technology (USA), Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

55.     On information and belief, Defendant United Technologies Corporation is a Delaware Corporation with its principal place of business at One Financial Plaza, Hartford, CT 06103.   United Technologies Corporation has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

56.     On information and belief, Defendant UTC Fire & Security Americas Corporation, Inc. is a Delaware Corporation with its principal place of business at 9 Farm Springs Rd., Farmington, CT 06034.   UTC Fire & Security Americas Corporation, Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

57.     On information and belief, Defendant UTC Fire & Security Corporation is a Delaware Corporation with its principal place of business at 9 Farm Springs Rd., Farmington, CT 06034.   UTC Fire & Security Corporation has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

58.     On information and belief, Defendant Wipro Technologies is an India corporation with its principal place of business at Doddakannelli, Sarjapur Road, Bangalore, 560 035 IND. Wipro Technologies may be served at at Doddakannelli, Sarjapur Road, Bangalore, 560 035 IND via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

59.     On information and belief, Defendant Wipro Inc. is a Delaware Corporation with its principal place of business at 2 TOWER CENTER BLVD., SUITE 2200, EAST BRUNSWICK, NJ 08816.   Wipro Inc. has appointed THE CORPORATION TRUST

COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

60.     On information and belief, Defendant Fortress Technologies, Inc. is a Florida Corporation with its principal place of business at 4023 Tampa Rd., Ste. 2000, Oldsmar, FL 34677.  Fortress Technologies, Inc. has appointed NRAI SERVICES, INC., 2731 EXECUTIVE PARK DRIVE, SUITE 4, WESTON, FL 33331 as its agent for service of process.

61.     On information and belief, Defendant GCT Semiconductor, Inc. is a Delaware Corporation with its principal place of business at 2121 Ringwood Ave., San Jose, CA 95131. GCT Semiconductor, Inc. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

62.     On information and belief, Defendant EF Johnson Technologies, Inc. is a Delaware Corporation with its principal place of business at 1440 Corporate Drive, Irving, TX 75038.   EF Johnson Technologies, Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801as its agent for service of process.

63.     On information and belief, Defendant 3eTechnologies International, Inc. is a Maryland Corporation with its principal place of business at 9715 Key West Avenue, Suite 500, Rockville, MD 20850.    3eTechnologies International, Inc. has appointed SIMILEX INCORPORATED, 903 S. COLLEGE AVE. BOX 275, NEWARK, DE 19715 as its agent for service of process.

64.     On information and belief, Defendant BelAir Networks is a Canada corporation with its principal place of business at 603 March Rd., Kanata, K2K 2M5 CAN.  BelAir Networks

may be served at 603 March Rd., Kanata, K2K 2M5 CAN via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

65.     On information and belief, Defendant Belair Networks, Corp. is a Virginia Corporation with its principal place of business at 3800 Concorde Parkway, Suite 1500, Chantilly, VA.   Belair Networks, Corp. has appointed Ron Robinson, 1500-3800 Concorde Pkwy., Chantilly, VA 20151 as its agent for service of process.

66.     On information and belief, Defendant Dasan Networks, Inc. is a South Korea corporation with its principal place of business at 6F, Humax Billige 11-4 Sunae-dong Boondang-gu, Sungnam, Kyunggi-do, 463-825 South Korea.   Dasan Networks, Inc. may be served at 6F, Humax Billige 11-4 Sunae-dong Boondang-gu, Sungnam, Kyunggi-do, 463-825 South Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

67.     On information and belief, Defendant Vtech Holdings is a China corporation with its principal place of business at 23 F Tai Ping Ind Center B 1, 57 Ting Kok Road Tai Po, New Territories, Hong Kong.   Vtech Holdings may be served at 23 F Tai Ping Ind Center B 1, 57 Ting Kok Road Tai Po, New Territories, Hong Kong via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

68.     On information and belief, Defendant Vtech Telecommunications Ltd. is a China corporation with its principal place of business at 23 F Tai Ping Ind Center B 1, 57 Ting Kok Road Tai Po, New Territories, Hong Kong.   Vtech Telecommunications Ltd. may be served at 23 F Tai Ping Ind Center B 1, 57 Ting Kok Road Tai Po, New Territories, Hong Kong via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

69.     On information and belief, Defendant Vtech Telecom, L.L.C. is a Delaware Corporation with its principal place of business at 545 Concord Avenue, Suite 14, Cambridge, MA 02138.  Vtech Telecom, L.L.C. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

70.     On information and belief, Defendant Vtech Communications, Inc. is an Oregon Corporation with its principal place of business at 9590 Sw Gemini Dr Ste 120, Beaverton, OR 97008-7166.   Vtech Communications, Inc. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD, SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

71.     On information and belief, Defendant Psion PLC is a United Kingdom corporation with its principal place of business at 48 Charlotte Street, London, ENG W1T 2NS, United Kingdom.  Psion PLC may be served at 48 Charlotte Street, London, ENG W1T 2NS, United Kingdom via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

72.     On information and belief, Defendant Psion Teklogix is a Canada corporation with its principal place of business at 2100 Meadowvale Blvd., Mississauga, L5N 7J9 CAN. Psion Teklogix may be served at 2100 Meadowvale Blvd., Mississauga, L5N 7J9 CAN via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

73.     On information and belief, Defendant Redpine Signals, Inc. is a California Corporation with its principal place of business at 2107 North First Street, Suite #680, San Jose,

California 95131-2019.    Redpine Signals, Inc. has appointed JOSE PALMA, 111 RACE STREET, SAN JOSE, CA 95126 as its agent for service of process.

74.    On information and belief, Defendant CSR plc is an England corporation with its principal place of business at Churchill House, Cambridge Business Park, Cowley Road, Cambridge, CB4 0WZ, England.   CSR plc may be served at Churchill House, Cambridge Business Park, Cowley Road, Cambridge, CB4 0WZ, England via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

75.    On information and belief, Defendant SMC Networks, Inc. is a Delaware Corporation with its principal place of business at 20 Mason, Irvine, CA 92618.  SMC Networks, Inc. has appointed UNITED CORPORATE SERVICES, INC., 874 WALKER ROAD, SUITE C, DOVER, DE 19904 as its agent for service of process.

76.    On information and belief, Defendant ZTE Corporation is a China corporation with its principal place of business at NO. 55, Hi-tech Road South, ShenZhen, P.R.China.  ZTE Corporation may be served at NO. 55, Hi-tech Road South, ShenZhen, P.R.China via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

77.    On information and belief, Defendant ZTE (USA) Inc. is a New Jersey Corporation with its principal place of business at 33 WOOD AVNUE SOUTH 2ND FLOOR, ISELIN, NJ  08830.  ZTE (USA) Inc. has appointed JIE CHEN, 33 WOOD AVNUE SOUTH 2ND FLOOR, ISELIN, NJ  08830 as its agent for service of process.

78.    On information and belief, Defendant TP-Link Technologies Co., Ltd. is a China corporation with its principal place of business at South Building, No.5 Keyuan Road, Central

Zone, Science & Technology Park, Nanshan, Shenzhen, P.R. China.  TP-Link Technologies Co.,

Ltd. may be served at South Building, No.5 Keyuan Road, Central Zone, Science & Technology

Park, Nanshan, Shenzhen, P.R. China via an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process.

79.    On information and belief, Defendant TP-Link USA Corporation is a California

Corporation with its principal place of business at 117 N SUNSET AVE, CITY OF INDUSTRY,

CA 91744.  TP-Link USA Corporation has appointed FENG XU, 117 N SUNSET AVE, CITY

OF INDUSTRY, CA 91744 as its agent for service of process.

80.    On information and belief, Defendant Actiontec Electronics, Inc. is a California

Corporation with its principal place of business at 760 N. Mary Ave., Sunnyvale, CA 94085.

Actiontec Electronics, Inc. has appointed DEAN CHANG, 760 N. Mary Ave., Sunnyvale, CA

94085 as its agent for service of process.

81.    On information and belief, Defendant D&M Holdings, Inc. is a Japanese

corporation with its principal place of business at 2-1 Nisshin-cho, Kawasaki-ku, Kawasaki-shi,

Kanagawa 210-8569, Japan.  D&M Holdings, Inc. may be served at 2-1 Nisshin-cho, Kawasaki-

ku, Kawasaki-shi, Kanagawa 210-8569, Japan via an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process.

82.    On information and belief, Defendant Denon Electronics (USA), LLC is a

Delaware limited liability company with its principal place of business at 100 Corporate Dr.

Mahwah, NJ 07430-2041.   Denon Electronics (USA), LLC has appointed The

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,

Wilmington, Delaware 19801 as its agent for service of process.

83.     On information and belief, Defendant SerComm Corporation is a Taiwan corporation with its principal place of business at 8F, No. 3-1, YuanQu St. (Nankang Software Park) Taipei, Taiwan 115 R.O.C.  SerComm Corporation may be served at 8F, No. 3-1, YuanQu St. (Nankang Software Park) Taipei, Taiwan 115 R.O.C. via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

84.     On information and belief, Defendant Bluesocket Inc. is a Delaware Corporation with its principal place of business at 52 Second Avenue, Burlington, MA 01803.  Bluesocket Inc. has appointed THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801 as its agent for service of process.

85.     On information and belief, Defendant Honeywell International Inc. is a Delaware Corporation with its principal place of business at 101 Columbia Road, Morris Town, NJ 07962. Honeywell International Inc. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

86.     On information and belief, Defendant Hand Held Products, Inc. is a Delaware Corporation with its principal place of business at 101 Columbia Road, Morris Town, NJ 07962. Hand Held Products, Inc. has appointed CORPORATION SERVICE COMPANY, 2711 CENTERVILLE ROAD SUITE 400, WILMINGTON, DE 19808 as its agent for service of process.

87.     On information and belief, Defendant Archos SA is a France corporation with its principal place of business at 12, rue Ampere, Igny, 91430 France.  Archos SA may be served at

12, rue Ampere, Igny, 91430 France via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

88.     On information and belief, Defendant Archos, Inc. is a California Corporation with its principal place of business at 7951 Maplewood Ave Ste 260, Greenwood Village, CO 80111.   Archos, Inc. has appointed NATIONAL REGISTERED AGENTS, INC., 2875 MICHELLE DR STE 100, IRVINE CA 92606 as its agent for service of process.

## JURISDICTION AND VENUE

89.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

90.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

91.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,963,646

92.     PACid is the owner by assignment of United States Patent No. 5,963,646 ("the '646 Patent") entitled "Secure Deterministic Encryption, Key Generator System and Method."

The '646 Patent issued on October 5, 1999. A true and correct copy of the '646 Patent is attached as Exhibit A.

93.    Guy Fielder and Paul Alito are the named inventors on the '646 Patent.

94.    Upon information and belief, Defendant Best Buy Co., Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Best Buy Co., Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Best Buy Co., Inc. products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Best Buy Co., Inc. Defendant Best Buy Co., Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

95.    Upon information and belief, Defendant Best Buy Purchasing LLC has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Best Buy Purchasing LLC products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Best Buy Purchasing LLC products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys by

combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Best Buy Purchasing LLC. Defendant Best Buy Purchasing LLC is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

96.      Upon information and belief, Defendant BBC Property Co. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain BBC Property Co. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain BBC Property Co. products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant BBC Property Co. Defendant BBC Property Co. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

97.      Upon information and belief, Defendant Best Buy Stores, L.P. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Best Buy Stores, L.P. products employing methods for generating pseudo-random,

symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Best Buy Stores, L.P.  products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Best Buy Stores, L.P. Defendant Best Buy Stores, L.P. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

98.     Upon information and belief, Defendant Allied Telesis Holdings K.K. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Allied Telesis Holdings K.K. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Allied Telesis Holdings K.K. products, such as the External Wi-Fi Adapter Card CG-WLUSB300NM, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Allied Telesis Holdings K.K. Defendant Allied Telesis Holdings K.K. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

99.      Upon information and belief, Defendant Allied Telesis, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Allied Telesis, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Allied Telesis, Inc. products, such as the External Wi-Fi Adapter Card CG-WLUSB300NM, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Allied Telesis, Inc. Defendant Allied Telesis, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

100.      Upon information and belief, Defendant Ricoh Company, Ltd. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ricoh Company, Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Ricoh Company, Ltd. products, such as the Printer Aficio SP 6330N, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are

enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ricoh Company, Ltd. Defendant Ricoh Company, Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

101.    Upon information and belief, Defendant Ricoh Americas Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ricoh Americas Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Ricoh Americas Corporation products, such as the Printer Aficio SP 6330N, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ricoh Americas Corporation. Defendant Ricoh Americas Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

102.    Upon information and belief, Defendant Ricoh Electronics, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ricoh Electronics, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Ricoh Electronics, Inc. products, such as the Printer Aficio SP 6330N, include program instructions executable to generate encryption keys by combining a

constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ricoh Electronics, Inc. Defendant Ricoh Electronics, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

103.   Upon information and belief, Defendant Yamaha Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Yamaha Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Yamaha Corporation products, such as the Network Music Player MCX-A300, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Yamaha Corporation. Defendant Yamaha Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

104.   Upon information and belief, Defendant Yamaha Corporation of America has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Yamaha Corporation of America products employing methods for

generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Yamaha Corporation of America products, such as the Network Music Player MCX-A300, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Yamaha Corporation of America. Defendant Yamaha Corporation of America is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

105.   Upon information and belief, Defendant Yamaha Electronics Corporation, USA has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Yamaha Electronics Corporation, USA products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Yamaha Electronics Corporation, USA products, such as the Network Music Player MCX-A300, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Yamaha Electronics Corporation, USA.

Defendant Yamaha Electronics Corporation, USA is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

106.     Upon information and belief, Defendant Eastman Kodak Company has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Eastman Kodak Company products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Eastman Kodak Company products, such as the Kodak ESP 7250 Series All-in-One Printer, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Eastman Kodak Company. Defendant Eastman Kodak Company is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

107.     Upon information and belief, Defendant Kodak Americas, Ltd. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Kodak Americas, Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Kodak Americas, Ltd. products, such as the Kodak ESP 7250 Series All-in-One Printer, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash

operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Kodak Americas, Ltd. Defendant Kodak Americas, Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

108.    Upon information and belief, Defendant Lexmark International, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Lexmark International, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Lexmark International, Inc. products, such as the Pro900 Series Wireless AIO Printer 4444-30X, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Lexmark International, Inc. Defendant Lexmark International, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

109.    Upon information and belief, Defendant MediaTek Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain MediaTek Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For

example, certain MediaTek Inc. products, such as the MT5921, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant MediaTek Inc. Defendant MediaTek Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

110.    Upon information and belief, Defendant MediaTek USA Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain MediaTek USA Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain MediaTek USA Inc. products, such as the MT5921, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant MediaTek USA Inc. Defendant MediaTek USA Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

111.    Upon information and belief, Defendant Harman International Industries, Incorporated has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing,

selling or offering to sell certain Harman International Industries, Incorporated products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Harman International Industries, Incorporated products, such as the Access Point MMI 3GPlus Headunit BE9411, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Harman International Industries, Incorporated. Defendant Harman International Industries, Incorporated is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

112.     Upon information and belief, Defendant Harman Consumer, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Harman Consumer, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Harman Consumer, Inc. products, such as the Access Point MMI 3GPlus Headunit BE9411, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by

Defendant Harman Consumer, Inc. Defendant Harman Consumer, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

113.    Upon information and belief, Defendant Sirius XM Radio Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sirius XM Radio Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Sirius XM Radio Inc. products, such as the Portable Digital Audio Player Stilletto 2 SL2TK1, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sirius XM Radio Inc. Defendant Sirius XM Radio Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

114.    Upon information and belief, Defendant XM Satellite Radio Holdings Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain XM Satellite Radio Holdings Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain XM Satellite Radio Holdings Inc. products, such as the Portable Digital Audio Player Stilletto 2 SL2TK1, include program instructions executable to generate encryption keys by combining a constant value with a secret

plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant XM Satellite Radio Holdings Inc. Defendant XM Satellite Radio Holdings Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

115.    Upon information and belief, Defendant Satellite CD Radio, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Satellite CD Radio, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Satellite CD Radio, Inc. products, such as the Portable Digital Audio Player Stilletto 2 SL2TK1, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Satellite CD Radio, Inc. Defendant Satellite CD Radio, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

116.    Upon information and belief, Defendant AboCom Systems, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain AboCom Systems, Inc. products employing methods for generating pseudo-random,

symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain AboCom Systems, Inc. products, such as the 802.11 b/g/n Mini Wireless LAN USB2.0 Adapter WU5205, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant AboCom Systems, Inc. Defendant AboCom Systems, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

117.    Upon information and belief, Defendant Logitech International S.A. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Logitech International S.A. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Logitech International S.A. products, such as the LAN-GMW/PSP External Wi-Fi Adapter Card, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Logitech International S.A. Defendant Logitech International S.A. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

118.    Upon information and belief, Defendant Logitech Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Logitech Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Logitech Inc. products, such as the LAN-GMW/PSP External Wi-Fi Adapter Card, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Logitech Inc. Defendant Logitech Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

119.    Upon information and belief, Defendant Brocade Communications Systems, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Brocade Communications Systems, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Brocade Communications Systems, Inc. products, such as the Brocade Mobility RFS7000 WLAN switch with 7131 AP, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to

encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Brocade Communications Systems, Inc. Defendant Brocade Communications Systems, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

120.    Upon information and belief, Defendant Foundry Networks, LLC has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Foundry Networks, LLC products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Foundry Networks, LLC products, such as the Brocade Mobility RFS7000 WLAN switch with 7131 AP, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Foundry Networks, LLC. Defendant Foundry Networks, LLC is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

121.    Upon information and belief, Defendant Inrange Technologies Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Inrange Technologies Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Inrange Technologies Corporation

products, such as the Brocade Mobility RFS7000 WLAN switch with 7131 AP, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Inrange Technologies Corporation. Defendant Inrange Technologies Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

122.    Upon information and belief, Defendant Arris Group, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Arris Group, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Arris Group, Inc. products, such as the TG852G Touchstone Wireless Telephony Gateway, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Arris Group, Inc. Defendant Arris Group, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

123.    Upon information and belief, Defendant Microchip Technology Incorporated has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and

elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Microchip Technology Incorporated products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Microchip Technology Incorporated products, such as the WiFi Module ASD ZG2100M/CC2, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Microchip Technology Incorporated. Defendant Microchip Technology Incorporated is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

124.    Upon information and belief, Defendant Ingenico Corp. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ingenico Corp. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Ingenico Corp. products, such as the IPA280-01P Personal Digital Assistant, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ingenico Corp.

Defendant Ingenico Corp. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

125.    Upon information and belief, Defendant Ingenico Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ingenico Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Ingenico Inc. products, such as the IPA280-01P Personal Digital Assistant, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ingenico Inc. Defendant Ingenico Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

126.    Upon information and belief, Defendant DrayTek Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain DrayTek Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain DrayTek Corporation products, such as the Vigor2930n Security Firewall Router, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash

operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant DrayTek Corporation. Defendant DrayTek Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

127.    Upon information and belief, Defendant Intermec, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intermec, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Intermec, Inc. products, such as the EasyCoder PD41, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intermec, Inc. Defendant Intermec, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

128.    Upon information and belief, Defendant Intermec Technologies Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intermec Technologies Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the

'646 Patent to the injury of PACid. For example, certain Intermec Technologies Corporation products, such as the EasyCoder PD41, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intermec Technologies Corporation. Defendant Intermec Technologies Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

129.    Upon information and belief, Defendant Intermec International Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intermec International Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Intermec International Inc. products, such as the EasyCoder PD41, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intermec International Inc. Defendant Intermec International Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

130.    Upon information and belief, Defendant TOKO, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TOKO, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain TOKO, Inc. products, such as the Wireless LAN Card Model TMW1059, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TOKO, Inc. Defendant TOKO, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

131.    Upon information and belief, Defendant TOKO America, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TOKO America, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain TOKO America, Inc. products, such as the Wireless LAN Card Model TMW1059, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless

networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TOKO America, Inc. Defendant TOKO America, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

132.   Upon information and belief, Defendant Novatel Wireless, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Novatel Wireless, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Novatel Wireless, Inc. products, such as the MiFi 3372 Wireless Router, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Novatel Wireless, Inc. Defendant Novatel Wireless, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

133.   Upon information and belief, Defendant Novatel Wireless Solutions has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Novatel Wireless Solutions products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Novatel Wireless Solutions products, such as the MiFi 3372 Wireless Router, include program instructions executable to generate encryption keys by

combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Novatel Wireless Solutions. Defendant Novatel Wireless Solutions is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

134. Upon information and belief, Defendant ICOM Incorporated has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ICOM Incorporated products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ICOM Incorporated products, such as the AP-5500 Access Point, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ICOM Incorporated. Defendant ICOM Incorporated is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

135. Upon information and belief, Defendant ICOM America, Incorporated has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ICOM America, Incorporated products employing methods for generating pseudo-

random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ICOM America, Incorporated products, such as the AP-5500 Access Point, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ICOM America, Incorporated. Defendant ICOM America, Incorporated is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

136.    Upon information and belief, Defendant VIA Technologies, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain VIA Technologies, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain VIA Technologies, Inc. products, such as the VT6656 802.11b/g USB Adaptor, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant VIA Technologies, Inc. Defendant VIA Technologies, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

137.    Upon information and belief, Defendant DSP Group, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain DSP Group, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain DSP Group, Inc. products, such as the Expeditor Reference Design, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant DSP Group, Inc. Defendant DSP Group, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

138.    Upon information and belief, Defendant Westell Technologies, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Westell Technologies, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Westell Technologies, Inc. products, such as the Ultraline Series 3 Rev C A90-9100EM15 Router, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over

wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Westell Technologies, Inc. Defendant Westell Technologies, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

139.    Upon information and belief, Defendant Westell, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Westell, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Westell, Inc. products, such as the Ultraline Series 3 Rev C A90-9100EM15 Router, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Westell, Inc. Defendant Westell, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

140.    Upon information and belief, Defendant Huawei Technologies Co., Ltd. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Huawei Technologies Co., Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Huawei Technologies Co., Ltd. products, such as the Wireless Modem HW-01C, include program instructions executable to generate encryption keys

by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Huawei Technologies Co., Ltd. Defendant Huawei Technologies Co., Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

141.   Upon information and belief, Defendant Futurewei Technologies, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Futurewei Technologies, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Futurewei Technologies, Inc. products, such as the Wireless Modem HW-01C, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Futurewei Technologies, Inc. Defendant Futurewei Technologies, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

142.   Upon information and belief, Defendant Planex Communications Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Planex Communications Inc. products employing methods for generating pseudo-

random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Planex Communications Inc. products, such as the 11n/g/b 300Mbps Multi-Function Mini Router MZK-MF300N, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Planex Communications Inc. Defendant Planex Communications Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

143.    Upon information and belief, Defendant PLANEX COMMUNICATIONS USA INC. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain PLANEX COMMUNICATIONS USA INC. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain PLANEX COMMUNICATIONS USA INC. products, such as the 11n/g/b 300Mbps Multi-Function Mini Router MZK-MF300N, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant PLANEX

COMMUNICATIONS USA INC. Defendant PLANEX COMMUNICATIONS USA INC. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

144. Upon information and belief, Defendant Melco Holdings, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Melco Holdings, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Melco Holdings, Inc. products, such as the BUFFALO Nfiniti Router WZR-HP-AG300H, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Melco Holdings, Inc. Defendant Melco Holdings, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

145. Upon information and belief, Defendant Buffalo, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Buffalo, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Buffalo, Inc. products, such as the BUFFALO Nfiniti Router WZR-HP-AG300H, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the

shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Buffalo, Inc. Defendant Buffalo, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

146.    Upon information and belief, Defendant Buffalo Technology (USA), Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Buffalo Technology (USA), Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Buffalo Technology (USA), Inc. products, such as the BUFFALO Nfiniti Router WZR-HP-AG300H, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Buffalo Technology (USA), Inc. Defendant Buffalo Technology (USA), Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

147.    Upon information and belief, Defendant United Technologies Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain United Technologies Corporation products employing methods for

generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain United Technologies Corporation products, such as the SimoniXT Tabletop 600-1054-95R-ITT, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant United Technologies Corporation. Defendant United Technologies Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

148.    Upon information and belief, Defendant UTC Fire & Security Americas Corporation, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain UTC Fire & Security Americas Corporation, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain UTC Fire & Security Americas Corporation, Inc. products, such as the SimoniXT Tabletop 600-1054-95R-ITT, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant UTC

Fire & Security Americas Corporation, Inc. Defendant UTC Fire & Security Americas Corporation, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

149.    Upon information and belief, Defendant UTC Fire & Security Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain UTC Fire & Security Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain UTC Fire & Security Corporation products, such as the SimoniXT Tabletop 600-1054-95R-ITT, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant UTC Fire & Security Corporation. Defendant UTC Fire & Security Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

150.    Upon information and belief, Defendant Wipro Technologies has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Wipro Technologies products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Wipro Technologies products, such as the Wipro - Newlogic WILD IP VD4 Access Point WILDAPPCI56, include program instructions executable to generate

encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Wipro Technologies. Defendant Wipro Technologies is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

151.    Upon information and belief, Defendant Wipro Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Wipro Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Wipro Inc. products, such as the Wipro - Newlogic WILD IP VD4 Access Point WILDAPPCI56, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Wipro Inc. Defendant Wipro Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

152.    Upon information and belief, Defendant Fortress Technologies, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fortress Technologies, Inc. products employing methods for generating pseudo-random,

symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Fortress Technologies, Inc. products, such as the Infrastructure Mesh Point ES440, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fortress Technologies, Inc. Defendant Fortress Technologies, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

153.    Upon information and belief, Defendant GCT Semiconductor, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain GCT Semiconductor, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain GCT Semiconductor, Inc. products, such as the Wireless VoIP Phone BF-2500, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant GCT Semiconductor, Inc. Defendant GCT Semiconductor, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

154.    Upon information and belief, Defendant EF Johnson Technologies, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain EF Johnson Technologies, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain EF Johnson Technologies, Inc. products, such as the AirGuard™ Secure Wireless Mesh Access Point (3e-525A-3), include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant EF Johnson Technologies, Inc. Defendant EF Johnson Technologies, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

155.    Upon information and belief, Defendant 3eTechnologies International, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain 3eTechnologies International, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain 3eTechnologies International, Inc. products, such as the AirGuard™ Secure Wireless Mesh Access Point (3e-525A-3), include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to

produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant 3eTechnologies International, Inc. Defendant 3eTechnologies International, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

156.    Upon information and belief, Defendant BelAir Networks has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain BelAir Networks products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain BelAir Networks products, such as the BelAir100N/SN Access Point, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant BelAir Networks. Defendant BelAir Networks is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

157.    Upon information and belief, Defendant Belair Networks, Corp. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Belair Networks, Corp. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of

PACid. For example, certain Belair Networks, Corp. products, such as the BelAir100N/SN Access Point, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Belair Networks, Corp. Defendant Belair Networks, Corp. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

158.    Upon information and belief, Defendant Dasan Networks, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Dasan Networks, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Dasan Networks, Inc. products, such as the Dasan Wi-fi phone H530, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Dasan Networks, Inc. Defendant Dasan Networks, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

159.    Upon information and belief, Defendant Vtech Holdings has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Holdings products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Vtech Holdings products, such as the Integrated Access Device IAD 303+, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Holdings. Defendant Vtech Holdings is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

160.    Upon information and belief, Defendant Vtech Telecommunications Ltd. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Telecommunications Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Vtech Telecommunications Ltd. products, such as the Integrated Access Device IAD 303+, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Telecommunications Ltd. Defendant Vtech

Telecommunications Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

161.    Upon information and belief, Defendant Vtech Telecom, L.L.C. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Telecom, L.L.C. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Vtech Telecom, L.L.C. products, such as the Integrated Access Device IAD 303+, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Telecom, L.L.C. Defendant Vtech Telecom, L.L.C. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

162.    Upon information and belief, Defendant Vtech Communications, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Communications, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Vtech Communications, Inc. products, such as the IS9181, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to

produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Communications, Inc. Defendant Vtech Communications, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

163.     Upon information and belief, Defendant Psion PLC has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Psion PLC products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Psion PLC products, such as the NEO Rugged Mobile Handheld Computer PX750, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Psion PLC. Defendant Psion PLC is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

164.     Upon information and belief, Defendant Psion Teklogix has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Psion Teklogix products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For

example, certain Psion Teklogix products, such as the NEO Rugged Mobile Handheld Computer PX750, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Psion Teklogix. Defendant Psion Teklogix is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

165.    Upon information and belief, Defendant Redpine Signals, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Redpine Signals, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Redpine Signals, Inc. products, such as the Redpine Lite-Fi™ WLAN (802.11n) SDIO card LFRD-SD-RS9110, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Redpine Signals, Inc. Defendant Redpine Signals, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

166.    Upon information and belief, Defendant CSR plc has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,

by, among other things, making, using, importing, selling or offering to sell certain CSR plc products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain CSR plc products, such as the UniFi CSR6026/CSR6027 Evaluation Platform M2256V1A, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant CSR plc. Defendant CSR plc is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

167.   Upon information and belief, Defendant SMC Networks, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain SMC Networks, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain SMC Networks, Inc. products, such as the SMCD3GNB Cable Modem Gateway, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant SMC Networks, Inc. Defendant SMC Networks, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

168.     Upon information and belief, Defendant ZTE Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZTE Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ZTE Corporation products, such as the MF10 wireless router, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZTE Corporation. Defendant ZTE Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

169.     Upon information and belief, Defendant ZTE (USA) Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZTE (USA) Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain ZTE (USA) Inc. products, such as the MF10 wireless router, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the

hardware/software made, used, sold and/or offered for sale by Defendant ZTE (USA) Inc. Defendant ZTE (USA) Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

170.    Upon information and belief, Defendant TP-Link Technologies Co., Ltd. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TP-Link Technologies Co., Ltd. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain TP-Link Technologies Co., Ltd. products, such as the 300Mbps Wireless N ADSL2+ Modem Router TD-W8961ND, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TP-Link Technologies Co., Ltd. Defendant TP-Link Technologies Co., Ltd. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

171.    Upon information and belief, Defendant TP-Link USA Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TP-Link USA Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain TP-Link USA Corporation products, such as the 300Mbps Wireless

N ADSL2+ Modem Router TD-W8961ND, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TP-Link USA Corporation. Defendant TP-Link USA Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

172.    Upon information and belief, Defendant Actiontec Electronics, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Actiontec Electronics, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Actiontec Electronics, Inc. products, such as the 5-Port GigE 11n Wireless Router/Gateway V1000H, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Actiontec Electronics, Inc. Defendant Actiontec Electronics, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

173.    Upon information and belief, Defendant D&M Holdings, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain D&M Holdings, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain D&M Holdings, Inc. products, such as the AV Receiver Model#AVR-4810, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant D&M Holdings, Inc. Defendant D&M Holdings, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

174.    Upon information and belief, Defendant Denon Electronics (USA), LLC has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Denon Electronics (USA), LLC products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Denon Electronics (USA), LLC products, such as the AV Receiver Model#AVR-4810, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Denon Electronics (USA), LLC. Defendant Denon Electronics (USA), LLC is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

175.    Upon information and belief, Defendant SerComm Corporation has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain SerComm Corporation products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain SerComm Corporation products, such as the Wireless Internet Camera NC822A, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant SerComm Corporation. Defendant SerComm Corporation is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

176.    Upon information and belief, Defendant Bluesocket Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Bluesocket Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Bluesocket Inc. products, such as the Bluesecure Access Point 1840 and Bluesecure Controller 600, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless

networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Bluesocket Inc. Defendant Bluesocket Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

177.   Upon information and belief, Defendant Honeywell International Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Honeywell International Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Honeywell International Inc. products, such as the Dolphin 6500 Barcode Scanner, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Honeywell International Inc. Defendant Honeywell International Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

178.   Upon information and belief, Defendant Hand Held Products, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Hand Held Products, Inc. products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Hand Held Products, Inc. products, such as the Dolphin 6500 Barcode Scanner, include program instructions executable to generate encryption keys by

combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Hand Held Products, Inc. Defendant Hand Held Products, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

179.   Upon information and belief, Defendant Archos SA has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Archos SA products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Archos SA products, such as the Archos 604 (30 GB) Digital Media Player, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Archos SA. Defendant Archos SA is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

180.   Upon information and belief, Defendant Archos, Inc. has been and now is infringing the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Archos, Inc. products employing methods for generating pseudo-random, symmetric

encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Archos, Inc. products, such as the Archos 604 (30 GB) Digital Media Player, include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Archos, Inc. Defendant Archos, Inc. is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,049,612

181.     PACid is the owner by assignment of United States Patent No. 6,049,612 ("the '612 Patent") entitled "File Encryption Method and System." The '612 Patent issued on April 11, 2000. A true and correct copy of the '612 Patent is attached as Exhibit B.

182.     Guy Fielder and Paul Alito are the named inventors on the '612 Patent.

183.     Upon information and belief, Defendant Best Buy Co., Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Best Buy Co., Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Best Buy Co., Inc. products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Best Buy Co., Inc. Defendant Best Buy Co., Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

184.   Upon information and belief, Defendant Best Buy Purchasing LLC has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Best Buy Purchasing LLC products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Best Buy Purchasing LLC products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Best Buy Purchasing LLC. Defendant Best Buy Purchasing LLC is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

185.    Upon information and belief, Defendant BBC Property Co. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain BBC Property Co. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain BBC Property Co. products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant BBC Property Co. Defendant BBC Property Co. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

186.    Upon information and belief, Defendant Best Buy Stores, L.P. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Best Buy Stores, L.P. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Best Buy Stores, L.P. products, such as the Blu-ray disc player NS-WBRDVD/9386103, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Best Buy Stores, L.P. Defendant Best Buy Stores, L.P. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

187.    Upon information and belief, Defendant Allied Telesis Holdings K.K. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Allied Telesis Holdings K.K. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Allied Telesis Holdings K.K. products, such as the External Wi-Fi Adapter Card CG-WLUSB300NM, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Allied Telesis Holdings K.K. Defendant Allied Telesis Holdings K.K. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

188.    Upon information and belief, Defendant Allied Telesis, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Allied Telesis, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Allied Telesis, Inc. products, such as the External Wi-Fi Adapter Card CG-WLUSB300NM, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Allied Telesis, Inc. Defendant Allied Telesis, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

189.    Upon information and belief, Defendant Ricoh Company, Ltd. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ricoh Company, Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Ricoh Company, Ltd. products, such as the Printer Aficio SP 6330N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure

hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ricoh Company, Ltd. Defendant Ricoh Company, Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

190.    Upon information and belief, Defendant Ricoh Americas Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ricoh Americas Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Ricoh Americas Corporation products, such as the Printer Aficio SP 6330N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ricoh Americas Corporation. Defendant Ricoh Americas Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

191.    Upon information and belief, Defendant Ricoh Electronics, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ricoh Electronics, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Ricoh Electronics, Inc. products, such as the Printer Aficio SP 6330N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ricoh Electronics, Inc. Defendant Ricoh Electronics, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

192.    Upon information and belief, Defendant Yamaha Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Yamaha Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Yamaha Corporation products, such as the Network Music Player MCX-A300, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing

a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Yamaha Corporation. Defendant Yamaha Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

193.    Upon information and belief, Defendant Yamaha Corporation of America has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Yamaha Corporation of America products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Yamaha Corporation of America products, such as the Network Music Player MCX-A300, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Yamaha Corporation of America. Defendant Yamaha Corporation of America is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

194.   Upon information and belief, Defendant Yamaha Electronics Corporation, USA has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Yamaha Electronics Corporation, USA products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Yamaha Electronics Corporation, USA products, such as the Network Music Player MCX-A300, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Yamaha Electronics Corporation, USA. Defendant Yamaha Electronics Corporation, USA is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

195.   Upon information and belief, Defendant Eastman Kodak Company has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Eastman Kodak Company products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Eastman Kodak Company products, such as the Kodak ESP 7250 Series All-in-One Printer, include program instructions executable to generate encryption keys

and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Eastman Kodak Company. Defendant Eastman Kodak Company is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

196. Upon information and belief, Defendant Kodak Americas, Ltd. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Kodak Americas, Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Kodak Americas, Ltd. products, such as the Kodak ESP 7250 Series All-in-One Printer, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Kodak Americas, Ltd. Defendant Kodak Americas, Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

197.    Upon information and belief, Defendant Lexmark International, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Lexmark International, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Lexmark International, Inc. products, such as the Pro900 Series Wireless AIO Printer 4444-30X, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Lexmark International, Inc. Defendant Lexmark International, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

198.    Upon information and belief, Defendant MediaTek Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain MediaTek Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain MediaTek Inc. products, such as the MT5921, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled

bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant MediaTek Inc. Defendant MediaTek Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

199.    Upon information and belief, Defendant MediaTek USA Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain MediaTek USA Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain MediaTek USA Inc. products, such as the MT5921, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant MediaTek USA Inc. Defendant MediaTek USA Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

200.    Upon information and belief, Defendant Harman International Industries, Incorporated has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing,

selling or offering to sell certain Harman International Industries, Incorporated products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Harman International Industries, Incorporated products, such as the Access Point MMI 3GPlus Headunit BE9411, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Harman International Industries, Incorporated. Defendant Harman International Industries, Incorporated is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

201.    Upon information and belief, Defendant Harman Consumer, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Harman Consumer, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Harman Consumer, Inc. products, such as the Access Point MMI 3GPlus Headunit BE9411, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use

the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Harman Consumer, Inc. Defendant Harman Consumer, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

202.    Upon information and belief, Defendant Sirius XM Radio Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Sirius XM Radio Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Sirius XM Radio Inc. products, such as the Portable Digital Audio Player Stilletto 2 SL2TK1, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Sirius XM Radio Inc. Defendant Sirius XM Radio Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

203.    Upon information and belief, Defendant XM Satellite Radio Holdings Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or

offering to sell certain XM Satellite Radio Holdings Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain XM Satellite Radio Holdings Inc. products, such as the Portable Digital Audio Player Stilletto 2 SL2TK1, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant XM Satellite Radio Holdings Inc. Defendant XM Satellite Radio Holdings Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

204.    Upon information and belief, Defendant Satellite CD Radio, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Satellite CD Radio, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Satellite CD Radio, Inc. products, such as the Portable Digital Audio Player Stilletto 2 SL2TK1, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions

then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Satellite CD Radio, Inc. Defendant Satellite CD Radio, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

205.    Upon information and belief, Defendant AboCom Systems, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain AboCom Systems, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain AboCom Systems, Inc. products, such as the 802.11 b/g/n Mini Wireless LAN USB2.0 Adapter WU5205, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant AboCom Systems, Inc. Defendant AboCom Systems, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

206.    Upon information and belief, Defendant Logitech International S.A. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain Logitech International S.A. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Logitech International S.A. products, such as the LAN-GMW/PSP External Wi-Fi Adapter Card, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Logitech International S.A. Defendant Logitech International S.A. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

207.    Upon information and belief, Defendant Logitech Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Logitech Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Logitech Inc. products, such as the LAN-GMW/PSP External Wi-Fi Adapter Card, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the

encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Logitech Inc. Defendant Logitech Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

208.    Upon information and belief, Defendant Brocade Communications Systems, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Brocade Communications Systems, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Brocade Communications Systems, Inc. products, such as the Brocade Mobility RFS7000 WLAN switch with 7131 AP, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Brocade Communications Systems, Inc. Defendant Brocade Communications Systems, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

209.    Upon information and belief, Defendant Foundry Networks, LLC has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain Foundry Networks, LLC products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Foundry Networks, LLC products, such as the Brocade Mobility RFS7000 WLAN switch with 7131 AP, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Foundry Networks, LLC. Defendant Foundry Networks, LLC is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

210.   Upon information and belief, Defendant Inrange Technologies Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Inrange Technologies Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Inrange Technologies Corporation products, such as the Brocade Mobility RFS7000 WLAN switch with 7131 AP, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files

and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Inrange Technologies Corporation. Defendant Inrange Technologies Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

211.    Upon information and belief, Defendant Arris Group, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Arris Group, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Arris Group, Inc. products, such as the TG852G Touchstone Wireless Telephony Gateway, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Arris Group, Inc. Defendant Arris Group, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

212.    Upon information and belief, Defendant Microchip Technology Incorporated has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or

offering to sell certain Microchip Technology Incorporated products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Microchip Technology Incorporated products, such as the WiFi Module ASD ZG2100M/CC2, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Microchip Technology Incorporated. Defendant Microchip Technology Incorporated is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

213.   Upon information and belief, Defendant Ingenico Corp. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ingenico Corp. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Ingenico Corp. products, such as the IPA280-01P Personal Digital Assistant, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption

keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ingenico Corp. Defendant Ingenico Corp. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

214.     Upon information and belief, Defendant Ingenico Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Ingenico Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Ingenico Inc. products, such as the IPA280-01P Personal Digital Assistant, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Ingenico Inc. Defendant Ingenico Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

215.     Upon information and belief, Defendant DrayTek Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain DrayTek Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain DrayTek Corporation products, such as the Vigor2930n Security Firewall Router, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant DrayTek Corporation. Defendant DrayTek Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

216.   Upon information and belief, Defendant Intermec, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intermec, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Intermec, Inc. products, such as the EasyCoder PD41, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to

transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intermec, Inc. Defendant Intermec, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

217.    Upon information and belief, Defendant Intermec Technologies Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intermec Technologies Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Intermec Technologies Corporation products, such as the EasyCoder PD41, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intermec Technologies Corporation. Defendant Intermec Technologies Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

218.    Upon information and belief, Defendant Intermec International Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intermec International Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid. For example, certain Intermec International Inc. products, such as the EasyCoder PD41, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intermec International Inc. Defendant Intermec International Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

219.   Upon information and belief, Defendant TOKO, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TOKO, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain TOKO, Inc. products, such as the Wireless LAN Card Model TMW1059, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the

hardware/software made, used, sold and/or offered for sale by Defendant TOKO, Inc. Defendant

TOKO, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

220.     Upon information and belief, Defendant TOKO America, Inc. has been and now

is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, making, using, importing, selling or offering to sell

certain TOKO America, Inc. products employing methods for protecting information files from

unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.

For example, certain TOKO America, Inc. products, such as the Wireless LAN Card Model

TMW1059, include program instructions executable to generate encryption keys and encrypt

information files by combining a constant value with a secret plural bit sequence, and performing

a secure hash operation on the shuffled bit result to produce a pseudo-random result from which

the encryption key is extracted. The executable program instructions then use the encryption

keys to encrypt information files and concatenate the constant value to a beginning of the

encrypted information file prior to transmission over wireless networks that are enabled by the

hardware/software made, used, sold and/or offered for sale by Defendant TOKO America, Inc.

Defendant TOKO America, Inc. is thus liable for infringement of the '612 Patent pursuant to 35

U.S.C. § 271.

221.     Upon information and belief, Defendant Novatel Wireless, Inc. has been and now

is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States, by, among other things, making, using, importing, selling or offering to sell

certain Novatel Wireless, Inc. products employing methods for protecting information files from

unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.

For example, certain Novatel Wireless, Inc. products, such as the MiFi 3372 Wireless Router,

include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Novatel Wireless, Inc. Defendant Novatel Wireless, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

222.    Upon information and belief, Defendant Novatel Wireless Solutions has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Novatel Wireless Solutions products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Novatel Wireless Solutions products, such as the MiFi 3372 Wireless Router, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Novatel Wireless

Solutions. Defendant Novatel Wireless Solutions is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

223.    Upon information and belief, Defendant ICOM Incorporated has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ICOM Incorporated products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ICOM Incorporated products, such as the AP-5500 Access Point, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ICOM Incorporated. Defendant ICOM Incorporated is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

224.    Upon information and belief, Defendant ICOM America, Incorporated has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ICOM America, Incorporated products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ICOM America, Incorporated products, such as the AP-5500 Access Point, include program instructions executable to generate encryption keys and encrypt

information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ICOM America, Incorporated. Defendant ICOM America, Incorporated is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

225.   Upon information and belief, Defendant VIA Technologies, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain VIA Technologies, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain VIA Technologies, Inc. products, such as the VT6656 802.11b/g USB Adaptor, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant VIA Technologies, Inc. Defendant VIA Technologies, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

226.    Upon information and belief, Defendant DSP Group, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain DSP Group, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain DSP Group, Inc. products, such as the Expeditor Reference Design, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant DSP Group, Inc. Defendant DSP Group, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

227.    Upon information and belief, Defendant Westell Technologies, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Westell Technologies, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Westell Technologies, Inc. products, such as the Ultraline Series 3 Rev C A90-9100EM15 Router, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-

random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Westell Technologies, Inc. Defendant Westell Technologies, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

228.    Upon information and belief, Defendant Westell, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Westell, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Westell, Inc. products, such as the Ultraline Series 3 Rev C A90-9100EM15 Router, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Westell, Inc. Defendant Westell, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

229.    Upon information and belief, Defendant Huawei Technologies Co., Ltd. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain Huawei Technologies Co., Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Huawei Technologies Co., Ltd. products, such as the Wireless Modem HW-01C, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Huawei Technologies Co., Ltd. Defendant Huawei Technologies Co., Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

230.    Upon information and belief, Defendant Futurewei Technologies, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Futurewei Technologies, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Futurewei Technologies, Inc. products, such as the Wireless Modem HW-01C, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of

the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Futurewei Technologies, Inc. Defendant Futurewei Technologies, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

231.    Upon information and belief, Defendant Planex Communications Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Planex Communications Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Planex Communications Inc. products, such as the 11n/g/b 300Mbps Multi-Function Mini Router MZK-MF300N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Planex Communications Inc. Defendant Planex Communications Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

232.    Upon information and belief, Defendant PLANEX COMMUNICATIONS USA INC. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain PLANEX COMMUNICATIONS USA INC. products employing methods

for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain PLANEX COMMUNICATIONS USA INC. products, such as the 11n/g/b 300Mbps Multi-Function Mini Router MZK-MF300N, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant PLANEX COMMUNICATIONS USA INC. Defendant PLANEX COMMUNICATIONS USA INC. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

233.    Upon information and belief, Defendant Melco Holdings, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Melco Holdings, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Melco Holdings, Inc. products, such as the BUFFALO Nfiniti Router WZR-HP-AG300H, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of

the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Melco Holdings, Inc. Defendant Melco Holdings, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

234.    Upon information and belief, Defendant Buffalo, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Buffalo, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Buffalo, Inc. products, such as the BUFFALO Nfiniti Router WZR-HP-AG300H, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Buffalo, Inc. Defendant Buffalo, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

235.    Upon information and belief, Defendant Buffalo Technology (USA), Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Buffalo Technology (USA), Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612

Patent to the injury of PACid. For example, certain Buffalo Technology (USA), Inc. products, such as the BUFFALO Nfiniti Router WZR-HP-AG300H, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Buffalo Technology (USA), Inc. Defendant Buffalo Technology (USA), Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

236.     Upon information and belief, Defendant United Technologies Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain United Technologies Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain United Technologies Corporation products, such as the SimoniXT Tabletop 600-1054-95R-ITT, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over

wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant United Technologies Corporation. Defendant United Technologies Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

237.    Upon information and belief, Defendant UTC Fire & Security Americas Corporation, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain UTC Fire & Security Americas Corporation, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain UTC Fire & Security Americas Corporation, Inc. products, such as the SimoniXT Tabletop 600-1054-95R-ITT, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant UTC Fire & Security Americas Corporation, Inc. Defendant UTC Fire & Security Americas Corporation, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

238.    Upon information and belief, Defendant UTC Fire & Security Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain UTC Fire & Security Corporation products employing methods for

protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain UTC Fire & Security Corporation products, such as the SimoniXT Tabletop 600-1054-95R-ITT, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant UTC Fire & Security Corporation. Defendant UTC Fire & Security Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

239.    Upon information and belief, Defendant Wipro Technologies has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Wipro Technologies products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Wipro Technologies products, such as the Wipro - Newlogic WILD IP VD4 Access Point WILDAPPCI56, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are

enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Wipro Technologies. Defendant Wipro Technologies is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

240.     Upon information and belief, Defendant Wipro Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Wipro Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Wipro Inc. products, such as the Wipro - Newlogic WILD IP VD4 Access Point WILDAPPCI56, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Wipro Inc. Defendant Wipro Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

241.     Upon information and belief, Defendant Fortress Technologies, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Fortress Technologies, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid. For example, certain Fortress Technologies, Inc. products, such as the Infrastructure Mesh Point ES440, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Fortress Technologies, Inc. Defendant Fortress Technologies, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

242.     Upon information and belief, Defendant GCT Semiconductor, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain GCT Semiconductor, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain GCT Semiconductor, Inc. products, such as the Wireless VoIP Phone BF-2500, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant GCT

Semiconductor, Inc. Defendant GCT Semiconductor, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

243.    Upon information and belief, Defendant EF Johnson Technologies, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain EF Johnson Technologies, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain EF Johnson Technologies, Inc. products, such as the AirGuard™ Secure Wireless Mesh Access Point (3e-525A-3), include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant EF Johnson Technologies, Inc. Defendant EF Johnson Technologies, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

244.    Upon information and belief, Defendant 3eTechnologies International, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain 3eTechnologies International, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain 3eTechnologies International, Inc. products,

such as the AirGuard™ Secure Wireless Mesh Access Point (3e-525A-3), include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant 3eTechnologies International, Inc. Defendant 3eTechnologies International, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

245.    Upon information and belief, Defendant BelAir Networks has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain BelAir Networks products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain BelAir Networks products, such as the BelAir100N/SN Access Point, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant BelAir Networks.

Defendant BelAir Networks is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

246.    Upon information and belief, Defendant Belair Networks, Corp. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Belair Networks, Corp. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Belair Networks, Corp. products, such as the BelAir100N/SN Access Point, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Belair Networks, Corp. Defendant Belair Networks, Corp. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

247.    Upon information and belief, Defendant Dasan Networks, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Dasan Networks, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Dasan Networks, Inc. products, such as the Dasan Wi-fi phone H530,

include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Dasan Networks, Inc. Defendant Dasan Networks, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

248.     Upon information and belief, Defendant Vtech Holdings has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Holdings products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Vtech Holdings products, such as the Integrated Access Device IAD 303+, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Holdings.

Defendant Vtech Holdings is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

249.     Upon information and belief, Defendant Vtech Telecommunications Ltd. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Telecommunications Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Vtech Telecommunications Ltd. products, such as the Integrated Access Device IAD 303+, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Telecommunications Ltd. Defendant Vtech Telecommunications Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

250.     Upon information and belief, Defendant Vtech Telecom, L.L.C. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Telecom, L.L.C. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Vtech Telecom, L.L.C. products, such as the Integrated Access Device IAD

303+, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Telecom, L.L.C. Defendant Vtech Telecom, L.L.C. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

251.   Upon information and belief, Defendant Vtech Communications, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Vtech Communications, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Vtech Communications, Inc. products, such as the IS9181, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Vtech Communications, Inc. Defendant Vtech

Communications, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

252.   Upon information and belief, Defendant Psion PLC has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Psion PLC products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Psion PLC products, such as the NEO Rugged Mobile Handheld Computer PX750, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Psion PLC. Defendant Psion PLC is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

253.   Upon information and belief, Defendant Psion Teklogix has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Psion Teklogix products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Psion Teklogix products, such as the NEO Rugged Mobile Handheld Computer PX750, include program instructions executable to generate encryption keys and

encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Psion Teklogix. Defendant Psion Teklogix is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

254.     Upon information and belief, Defendant Redpine Signals, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Redpine Signals, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Redpine Signals, Inc. products, such as Redpine Lite-Fi™ WLAN (802.11n) SDIO card LFRD-SD-RS9110, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Redpine Signals, Inc. Defendant Redpine Signals, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

255.    Upon information and belief, Defendant CSR plc has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain CSR plc products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain CSR plc products, such as UniFi CSR6026/CSR6027 Evaluation Platform M2256V1A, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant CSR plc. Defendant CSR plc is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

256.    Upon information and belief, Defendant SMC Networks, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain SMC Networks, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain SMC Networks, Inc. products, such as SMCD3GNB Cable Modem Gateway, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which

the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant SMC Networks, Inc. Defendant SMC Networks, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

257.    Upon information and belief, Defendant ZTE Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain ZTE Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ZTE Corporation products, such as MF10 wireless router, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZTE Corporation. Defendant ZTE Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

258.    Upon information and belief, Defendant ZTE (USA) Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell

certain ZTE (USA) Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain ZTE (USA) Inc. products, such as MF10 wireless router, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant ZTE (USA) Inc. Defendant ZTE (USA) Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

259.    Upon information and belief, Defendant TP-Link Technologies Co., Ltd. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TP-Link Technologies Co., Ltd. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain TP-Link Technologies Co., Ltd. products, such as 300Mbps Wireless N ADSL2+ Modem Router TD-W8961ND, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over

wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TP-Link Technologies Co., Ltd. Defendant TP-Link Technologies Co., Ltd. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

260.     Upon information and belief, Defendant TP-Link USA Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain TP-Link USA Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain TP-Link USA Corporation products, such as 300Mbps Wireless N ADSL2+ Modem Router TD-W8961ND, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant TP-Link USA Corporation. Defendant TP-Link USA Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

261.     Upon information and belief, Defendant Actiontec Electronics, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Actiontec Electronics, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid. For example, certain Actiontec Electronics, Inc. products, such as 5-Port GigE 11n Wireless Router/Gateway V1000H, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Actiontec Electronics, Inc. Defendant Actiontec Electronics, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

262.    Upon information and belief, Defendant D&M Holdings, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain D&M Holdings, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain D&M Holdings, Inc. products, such as AV Receiver Model#AVR-4810, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant D&M Holdings, Inc.

Defendant D&M Holdings, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

263.    Upon information and belief, Defendant Denon Electronics (USA), LLC has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Denon Electronics (USA), LLC products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Denon Electronics (USA), LLC products, such as AV Receiver Model#AVR-4810, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Denon Electronics (USA), LLC. Defendant Denon Electronics (USA), LLC is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

264.    Upon information and belief, Defendant SerComm Corporation has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain SerComm Corporation products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain SerComm Corporation products, such as Wireless Internet Camera

NC822A, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant SerComm Corporation. Defendant SerComm Corporation is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

265.    Upon information and belief, Defendant Bluesocket Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Bluesocket Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Bluesocket Inc. products, such as Bluesecure Access Point 1840 and Bluesecure Controller 600, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant

Bluesocket Inc. Defendant Bluesocket Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

266.    Upon information and belief, Defendant Honeywell International Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Honeywell International Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Honeywell International Inc. products, such as Dolphin 6500 Barcode Scanner, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Honeywell International Inc. Defendant Honeywell International Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

267.    Upon information and belief, Defendant Hand Held Products, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Hand Held Products, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Hand Held Products, Inc. products, such as Dolphin 6500 Barcode

Scanner, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Hand Held Products, Inc. Defendant Hand Held Products, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

268.    Upon information and belief, Defendant Archos SA has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Archos SA products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Archos SA products, such as Archos 604 (30 GB) Digital Media Player, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Archos SA. Defendant Archos SA is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

269.     Upon information and belief, Defendant Archos, Inc. has been and now is infringing the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Archos, Inc. products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Archos, Inc. products, such as Archos 604 (30 GB) Digital Media Player, include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Archos, Inc. Defendant Archos, Inc. is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

270.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '646 and/or '612 Patents complied with any such requirements.

271.     To the extent that facts learned in discover show that Defendants' infringement of the '646 and/or '612 Patents is or has been willful, PACid reserves the right to request such a finding at the time of trial.

272.     As a result of these Defendants' infringement of the '646 and/or '612 Patents, PACid has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

273.    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '646 and/or '612 Patents, PACid will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

Wherefore, PACid respectfully requests that this Court enter:

1.    A judgment in favor of PACid that Defendants have infringed the '646 and/or '612 Patents, and that such infringement was willful;

2.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '646 and/or '612 Patents;

3.    A judgment and order requiring Defendants to pay PACid its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents as provided under 35 U.S.C. § 284;

4.    A judgment and order requiring Defendants to pay PACid its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents;

5.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PACid its reasonable attorneys' fees; and

6.    Any and all other relief to which PACid may show itself to be entitled.

## DEMAND FOR JURY TRIAL

PACid, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**THE PACID GROUP, LLC.**

Dated: July 27, 2010

By: /s/  Andrew W. Spangler
Andrew W. Spangler, TX SB # 24041960
Spangler Law PC
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone:   903/753-9300
Facsimile:    903/553-0403
Email: spangler@spanglerlawpc.com

Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone:   310/826-7474
Facsimile:    310/826-6991

Patrick R. Anderson, MI SB # P68961
E-mail: patrick@prapllc.com
Patrick R. Anderson PLLC
4225 Miller Rd, Bldg. B-9, Suite 358
Flint, MI 48507
Telephone:   517/303-4806
Facsimile:    248/928-9239

**ATTORNEYS FOR PLAINTIFF
THE PACID GROUP, LLC**